[Cite as *State v. Peterson*, 2015-Ohio-3019.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 27582 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MICHAEL PETERSON | AKRON MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. 14 CRB 08386 |

DECISION AND JOURNAL ENTRY

Dated: July 29, 2015

---

SCHAFER, Judge.

{¶1} Defendant-Appellant, Michael Peterson, appeals from the judgment of the Akron Municipal Court ordering that his dog, "Baby," be humanely destroyed. For the reasons set forth below, this Court affirms.

I.

{¶2} Mr. Peterson is the owner of a seven-year-old American Staffordshire Terrier[1] named Baby. Baby weighs approximately 50-to-60 pounds.

{¶3} On August 14, 2014, Baby was running at large outside of Mr. Peterson's residence on Hardesty Avenue in Akron. On this day, Baby was off leash, which was not uncommon. The dog proceeded to enter onto the property of a neighbor named Shannon Wade, where Ms. Wade's daughter and niece, both minors, were outside with their own dog, a shitzhu named Yogi.

---

[1] The American Staffordshire Terrier is one of several dog breeds commonly known as a pit bull dog.

{¶4} When Ms. Wade returned home from work, Yogi left the home's front porch to greet her in the driveway. That's when Baby ran up and grabbed Yogi with her mouth and began shaking her from side to side. Ms. Wade hit Baby with her purse and started screaming in an attempt to get Baby to release Yogi. Another neighbor from across the street, Patrick Kennedy, heard the sounds of a dog snarling and attacking something. Upon seeing Baby attacking Yogi, Mr. Kennedy ran across the street and kicked Baby several times in an effort to free Yogi from the dog's grasp. After several kicks, Baby released Yogi. Yogi, now bloodied, ran immediately towards the front porch of Ms. Wade's house with Baby in pursuit. Ms. Wade's daughter was able to pick Yogi up before Baby could grab her again. As a result of the attack, Yogi suffered a proptosed eye.

{¶5} Mr. Peterson was charged with one count of possessing a dog that has caused physical harm to any domestic animal, in violation of Akron Codified Ordinance ("A.C.O.") 92.25(B)(4), one count of failing to vaccinate a dog, in violation of A.C.O. 92.11, and one count of failing to control the dog, in violation of A.C.O. 92.25(B)(1). Pursuant to Crim.R. 11 plea negotiations, the vaccination and failure to control charges were merged and dismissed in exchange for Mr. Peterson pleading no contest to A.C.O. 92.25(B)(4).[2] The trial court found Mr. Peterson guilty and sentenced him to 180 days in the Summit County Jail, but suspended the

---

[2] A.C.O. 92.25(B)(4) states:

> Any person owning, keeping, possessing, harboring, maintaining, or having the care, custody or control of a dog shall be strictly liable if such dog is found to:
>
> * * *
>
> Bite or otherwise cause physical harm to any person, domestic animal, or feline, while the dog is off the premises of the owner, or while on premises which are not exclusively controlled by the owner.

sentence on the condition that he obey all laws for two years, pay a $150 fine plus court costs, and pay restitution to Ms. Wade for Yogi's veterinary expenses.

{¶6} The City of Akron subsequently requested, and was granted, a hearing pursuant to A.C.O. 92.99(I) to determine whether Baby "presented a continuing threat or danger to the public." After a hearing held on October 2, 2014, the trial court found that Baby presented a continued threat or danger to the public and ordered that Baby be humanely destroyed.

{¶7} Mr. Peterson timely appeals the trial court's order that Baby be humanely destroyed, raising one assignment of error for review.

## II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN ORDERING THAT THE DOG "BABY" BE HUMANELY DESTROYED BECAUSE THE PROSECUTION FAILED TO PRESENT ANY EVIDENCE THAT "BABY" WAS A "CONTINUING THREAT OR DANGER TO THE PUBLIC."

{¶8} In his sole assignment of error, Mr. Peterson argues that the trial court erred by ordering Baby to be humanely destroyed because the prosecution failed to present any evidence showing that Baby posed a continuing threat or danger to the public, thus forcing the trial court to rely solely on presumptions and predilections to make such a finding. We disagree.

{¶9} Section 3, Article XVIII of the Ohio Constitution, the Home Rule Amendment, provides that "[m]unicipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and similar regulations, as are not in conflict with general laws."

{¶10} Acting under these auspices, the Akron City Council has enacted A.C.O. 92.99(I), which provides as follows:

Upon a conviction or guilty plea for a violation of §§ 92.25(B)(2) through (6), the Court shall make a determination as to whether the dog which is the subject of the violation presents a continuing threat or danger to the public. If the Court finds that the dog does present a continuing threat or danger to the public, the Court shall order that the dog either be humanely destroyed or kept in a manner that meets all the requirements of §§ 92.25(E)(1) through (10).

This ordinance contemplates a two-step process before ordering that a dog be humanely destroyed: (1) that a defendant plead guilty to or be convicted of violating A.C.O. 92.25(B)(2) through (6); and (2) a judicial finding that a dog presents a "continuing threat or danger to the public."

{¶11} In this case, there is no dispute that the trial court found Mr. Peterson guilty of violating A.C.O. 92.25(B)(4). Thus, the only issue presented on appeal is whether the trial court properly concluded that Baby presents a "continuing threat or danger to the public." While the Akron Municipal Code does not define this phrase, A.C.O. 10.03(A), which governs rules of construction within the code, states:

Words and phrases shall be read in context and construed according to the rules of grammar and common usage. Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly.

{¶12} The trial court's order finding that Baby poses a continuing threat or danger to the public was based on two reasons. First, Mr. Peterson failed to contain and control Baby both before and after violating A.C.O. 92.25(B)(4), despite being admonished on numerous occasions to comply with A.C.O. 92.25(E), which requires owners of pit bulls to contain and control his or her pit bulls in a number of ways.[3] And second, Mr. Peterson testified at the October 2, 2014

---

[3] For instance, A.C.O. 92.25(E) requires owners of pit bulls to identify their dog by having them wear a fluorescent green collar at all times, ensure that their dog does not go unconfined onto the premises of another or be at large within the city, and vaccinate their dog against rabies once every three years, just to name a few.

hearing that Baby can be ordered to "sic" or attack another dog on the order of a person who is not her owner.

{¶13} The trial court's order also stated that pit bull dogs are presumptively "vicious dogs"[4] under A.C.O. 92.25(E). While we agree with Mr. Peterson's contention that the plain language of A.C.O. 92.25(E) makes no such presumption and that the trial court erred by concluding otherwise, we determine the trial court's error on this point to be harmless.

{¶14} Although A.C.O. 92.25(E) does not presume that all pit bulls are vicious, Mr. Peterson was still obligated to comply at all times with the mandates enumerated within that ordinance simply by virtue of owning a pit bull. A.C.O. 92.25(E). The trial court's decision explicitly took into account testimony elicited during the hearing that Mr. Peterson blatantly refused to comply with the dictates of this ordinance. For example, Jamie Hicks, the Animal Control Warden for the City of Akron, testified at the hearing that she was dispatched to the Petersons' home on three separate occasions between July and September of 2014 concerning pit bull regulation violations. Ms. Hicks testified that she left literature detailing the city's regulations for pit bulls either at the Peterson residence or with an unknown female resident on all three visits. On the last two visits, Ms. Hicks testified that the female resident explicitly stated that she would not comply with the city's pit bull regulations. We have found no provision of the Akron Municipal Code, and indeed Mr. Peterson has cited no authority within his brief, standing for the proposition that a trial court cannot take an owner's constant violation of the city's dog control ordinance into consideration for the purposes of an A.C.O. 92.99 penalty hearing.

---

[4] A.C.O. 92.25(A) defines a "vicious dog" as "[a]ny dog that is the subject of a violation of 92.25(B)(2) through (6), and is found by a court to be a continuing threat or danger to the public."

{¶15} Moreover, the trial court's order contained a second rationale for finding that Baby poses a continuing threat of harm to the public; that Baby can be ordered to "sic" or attack another dog by a person who is not its owner. The trial court heard testimony during the hearing to this effect. We determine that this basis, standing alone, is sufficient to conclude that Baby poses a continuing threat or danger to the public. However, Mr. Peterson failed to address this second finding by the trial court in his appellate brief. It is neither the province nor the duty of this Court to create an argument on an appellant's behalf. *See* App.R. 16(A)(7). We therefore decline to address to trial court's second basis for finding that Mr. Peterson's dog, Baby, presents a continuing threat or danger to the public.

{¶16} In citing to *State v. Cowan*, 103 Ohio St.3d 144, 2004-Ohio-4777, Mr. Peterson argues that Baby cannot pose a continuing danger or threat to the public because she attacked another domestic animal, which is private property. As such, according to Mr. Peterson, any physical or economic injury that Yogi or the Wade family, respectively, may have suffered should have no bearing on whether or not Baby poses a continuing danger or threat to the public. Mr. Peterson's argument is misplaced. In *Cowan*, the Ohio Supreme Court held that "R.C. 955.22 violates the constitutional right to procedural due process insofar as it fails to provide dog owners a meaningful opportunity to be heard on the issue of whether a dog is 'vicious' or 'dangerous' as defined in R.C. 955.11(A)(1)(a) and (A)(4)(a)." *Id*. at syllabus. As *Cowan* does not implicate the question of whether a dog may be humanely destroyed for posing a continuing threat or danger to the public, it is inapplicable in this case and Mr. Peterson's argument fails.

{¶17} For these reasons, we determine that the trial court did not err by ordering that Baby be humanely destroyed. Mr. Peterson's assignment of error is overruled.

III.

{¶18} Mr. Peterson's sole assignment of error is overruled and the judgment of the Akron Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

HENSAL, P. J.
CONCURS.

CARR, J.
CONCURRING IN JUDGMENT ONLY.

{¶19} Peterson has not contested the trial court's second rationale for finding that the dog poses a continuing threat of harm to the public. Accordingly, I would affirm the trial court's

judgment ordering the humane destruction of Baby on that unchallenged basis. *See In re P.T.*, 9th Dist. Summit No. 24207, 2008-Ohio-4690, ¶ 15 (declining to address an argument regarding the first prong of the permanent custody test where the trial court made an alternate finding satisfying that prong and which fully resolved the issue).

APPEARANCES:

CEDRIC B. COLVIN, Attorney at Law, for Appellant.

PATTY AMBROSE RUBRIGHT, Law Director, GERTRUDE WILMS, Prosecuting Attorney, and THOMAS D. BOWN, Assistant Prosecuting Attorney, for Appellee.